UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re:　　　　　　　　　　　　　　　　　　　Case No. 20-01226
Dwight W Brown and　　　　　　　　　　　　Honorable Jacqueline P. Cox
Cynthia R Brown　　　　　　　　　　　　　　Chapter 13
　　　　Debtors.

## AGREED ORDER RESOLVING THE MOTION TO MODIFY STAY FILED BY ALLY FINANCIAL

At Chicago, Illinois, this 22nd day of February, 2021, before the Honorable Jacqueline P. Cox, Bankruptcy Judge, in the said District and Division.

This matter coming on for hearing upon the motion of Ally Financial, to modify the automatic stay of 11 U.S.C. §362; due notice being served on the parties in interest; the Court having jurisdiction and being fully advised in the premises;

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. The Debtor agrees and acknowledges that there is a default in the amount of $4,057.07 (which amount includes attorney fees and costs of $688.00 and arrears of $3,369.07, due from June 2020 through February 2021) due to Ally Financial for the 2013 KIA SORENTO, VIN 5XYKTCA63DG328761.

2. That on or before March 7, 2021 the Debtor shall tender the sum of $1,070.00 to Ally Financial.

3. That Ally Financial shall be allowed attorney fees and costs in the amount of $688.00 pursuant to Illinois State law, the retail installment contract dated October 17, 2018, for the 2013 KIA SORENTO, VIN 5XYKTCA63DG328761 and in compliance with Rule 2016(a) of the Federal Rules of Bankruptcy Procedure without further notice of hearing. That beginning on March 14, 2021, the Debtor shall make the following payments to ALLY FINANCIAL by cashier's check or money order and made payable to ALLY FINANCIAL (which amounts represents the March 2021 through August 2021 installment payments on the said vehicle, and six (6) equal monthly payments of $497.85 to cure the remaining default on the account):

　　a. $854.37 on or before March 14, 2021

　　b. $854.37 on or before April 1, 2021
　　c. $854.37 on or before May 1, 2021

　　d. $854.37 on or before June 1, 2021

　　e. $854.37 on or before July 1, 2021

　　f. $854.37 on or before August 1, 2021

4. That if the Debtor fails to make any payment in the manner set forth in paragraphs two (2) and three (3)

herein, or if any payment is returned to Ally Financial for insufficient funds, then the automatic stay shall be immediately modified as to ALLY FINANCIAL, without further notice or hearing, so as to allow it to enforce its rights against the collateral in accordance with state law and the applicable Agreement.

5. That in the event the stay is modified as provided herein, ALLY FINANCIAL be, and hereby is, granted leave to file an unsecured claim for any deficiency balance remaining after sale and the said claim shall be deemed timely filed.

6. That in the event the stay is modified as provided herein, then Federal Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is non-applicable and thus ALLY FINANCIAL may immediately enforce and implement this order.

7. That in the event this case is converted to a chapter 7 or dismissed the parties agree that the terms of this order become null and void.

DATE: 3/8/21

ENTER:
J. Cox
Bankruptcy Judge

James M. Philbrick
Attorney for Ally Financial
Attorney No. 6244743
Law Offices of James M. Philbrick P.C.
P.O. Box 351
Mundelein, Illinois 60060
847/949-5290
Fax: 847/949-5690

Attorney for Debtors